**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

OPTICAL AIR DATA SYSTEMS, LLC,   )
                                         )
             Plaintiff,       )
                                         )   C.A. No.: N17C-05-619 EMD CCLD
            v.            )
                                         )
L-3 COMMUNICATIONS          )
CORPORATION, et al.,           )
                                       )
             Defendants.    )

**ORDER DENYING OPTICAL AIR DATA SYSTEM, LLC'S
MOTION FOR REARGUMENT**

Upon consideration of the Optical Air Data System, LLC's Motion for Reargument (the "Motion") filed by Plaintiff Optical Air Data Systems, LLC ("Optical Air"); L-3's Response to Optical Air's First Rule 59 Motion (Captioned Motion for Reargument) (the "Response") filed by Defendants L-3 Communications Corporation, Display Systems Division, and L-3 Communications Avionics Systems, Inc. (collectively, "L-3");[1] the Decision after Trial entered on December 5, 2019 (the "Decision");[2] the entire record of this civil action; and the Court having determined that a hearing on the Motion is not necessary, the Court finds and holds as follows:

      1.       Rule 59(e) of the Superior Court Rules of Civil of Procedure ("Rule 59(e)") reads as follows:

> (e) Rearguments. -- A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 5 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument

---

[1] In the Response, L-3 provides that L-3 Communications Corporation merged with Harris Corporation on June 29, 2019 to form L3 Harris Technologies, Inc. For simplicity purposes, L-3 asks that the Court continue to refer to the company as L-3. *See* Resp. at 1, n. 1.

[2] Capitalized terms not defined in this Order will have the meaning ascribed to them in the Decision.

will be granted. A copy of the motion and answer shall be furnished forthwith by the respective parties serving them to the Judge involved.[3]

2.      Rule 59(e) provides that a party may file a motion for reargument within 5 days after the filing of the Court's order or decision.[4]  Optical Air filed the Motion on December 12, 2019.  The Court finds the Motion is timely.

3.      The standard for a Rule 59(e) motion is well defined under Delaware law.[5]  A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[6]  Motions for reargument should not be used merely to rehash the arguments already decided by the Court,[7] or to present new arguments not previously raised.[8]  Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[9]  After reviewing the Motion, the Court finds that Optical Air fails to demonstrate how the Court: (i) overlooked precedent or legal principles that would have controlling effect, or (ii) misapprehended the law or the facts such as would affect the outcome of the Decision.

4.      The Motion makes no clear argument that the Court overlooked any precedent or legal principles that would have had a controlling effect on the Decision.  Moreover, the Motion does not seem to contend that the Court misapprehended the law in a way that would affect the

---

[3] Del. Super. R. Civ. P. 59(e).
[4] *Id.*
[5] *See, e.g., Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[6] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[7] *Id.*
[8] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003)(holding that a motion for reargument is not a device for raising new arguments or stringing out the length of time for making argument), *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[9] *Plummer*, 2004 WL 63414, at *2.

outcome. Although, Optical Air does seem to contend that the Court should have applied the facts differently to whether the Off Ramps or the Limitation of Liability Provisions apply.[10]

5.      Optical Air does takes issue with the Court's findings of fact that L-3 would have taken at least one of the Off-Ramps contained in the Licensing Agreement.[11] The Court, as the fact finder, made those determinations after hearing from witnesses, judging the witnesses' credibility, reviewing a number of trial exhibits, and re-examining the transcript.[12] The Court has read the Motion and the facts set out by Optical Air. The Court continues to find that L-3 would have taken at least one of the Off-Ramps and terminated the relationship of L-3 and Optical Air. Moreover, the Court did not, at the conclusion of the Trial and review of the evidence, believe this to be a close call.

6.      The Court does not, in a Rule 59(e) situation, rehash the facts already decided by the Court in the Decision rendered after the Trial. As set forth in the Decision, the Court heard testimony and read documentary evidence that demonstrated that budget numbers were not going to be met.[13] The Court also found that Boeing, Embraer, or equivalent customer would not be entering into a formal agreement within twelve months from the Effective Date, and that Gulfstream determined that the performance of Optical Air's product did not meet Gulfstream's requirements.[14]

7.      The Court recognizes that Optical Air can cite to other evidence in the record, but the Court reviewed the entire record before rendering the Decision. The Court has reviewed the

---

[10] *See* Mot. at 1-2 (rearguing that expectation damages and not the contractual limitation on damages should apply).
[11] *See id.* at 3-6.
[12] *See* Decision at pp. 56-57. For purposes of clarity, the Court will use both ¶¶s and number pages—as applicable—because the Decision uses both numbered paragraphs and non-numbered paragraphs,
[13] *See id.* at ¶¶ 113-115; *see also id.* at pp. 59, 68.
[14] *See id.* at ¶¶ 116-25; *see also id.* at pp. 59, 68.

facts set out in the Motion and notes that the Court, as fact finder, considered all of them. The Court, however, came to different factual conclusions than those forwarded by Optical Air.

8.      In addition, the Court understands Optical Air's expectation damages argument and continues to find it unsupported by the evidence. The Court found that the parties had contractually dealt with damages, the Limitation of Liability Provisions, and applied those contractual provisions to the facts adduced at the Trial.[15] In addition, the Court did not feel that Optical Air's presentation on damages was overly believable.[16] The Court noted that Optical Air's damages expert made overly optimistic assumptions that were too speculative given the actual evidence presented at the Trial, and failed to properly apply the Limitation of Liability Provisions that the Court found to be enforceable.[17]

9.      The Court holds that the Motion fails to meet the standards of Rule 59(e) and just revisits and reargues facts and arguments previously raised by Optical Air and decided in the Decision. For the reasons set forth above, therefore, the Motion is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: May 18, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[15] *See, e.g., id.* at ¶¶ 74, 103-10; *see also id.* at pp. 56, 58, 60 and 68.
[16] *See id.* at p. 56.
[17] *See id.*